ARKANSAS TRACTOR & EQUIPMENT COMPANY *v.* MELTON.

4-4202

Opinion delivered March 30, 1936.

*Trieber & Lasley,* for appellant.

*W. P. Beard,* for appellee.

SMITH, J. Special School District No. 91 of Lonoke County, through the president and secretary of its board of directors, issued a warrant for $300 payable to the order of W. B. Graham, the president of the school board, in payment of three acres of ground purchased for the use of the colored school in that district. The school district brought suit to cancel the school warrant, and it was held in that case that the warrant had been issued without lawful authority. This suit was brought against the county treasurer and against Graham and the Arkansas Tractor & Equipment Company, to which concern Graham had for value indorsed and assigned the school warrant.

J. P. Melton filed an intervention in which he alleged that he had purchased the warrant from the tractor company under its guaranty that the warrant would be cashed

and redeemed when prior outstanding and registered warrants issued by the district had first been paid. The court found that the warrant should be canceled and held for naught as having been issued without authority. The court also found that the intervener had purchased the warrant under the guaranty of the tractor company that it would be paid by the school district in its order, and this appeal by the tractor company questions only that finding.

This branch of the case was heard on testimony which cannot be reconciled. According to the intervener, there was a guaranty upon which he relied and which induced him to discount and purchase the warrant. The agent of the tractor company, who negotiated the sale of the warrant, testified there was no guaranty of any kind as the warrant had been sold at a discount of 20 per cent.

No useful purpose would be served by reciting in detail the conflicting testimony. It must suffice to say that, after carefully considering it, we are unable to say that the decree of the court below, based upon the finding that there was a guaranty, is contrary to the preponderance of the testimony.

The decree must therefore be affirmed, and it is so ordered.